

April 28, 2026

Christopher M. Wolpert, Clerk of Court
United States Court of Appeals for the Tenth Circuit
Byron White Courthouse, 1823 Stout Street
Denver, Colorado 80257

**Re:** *Barrick v. Kasbaum, Lee & Hannah*, No. 25-7082 — Appellant's
Response to Appellees' Rule 28(j) Letter re *Martinez v. City of Aurora*

Dear Mr. Wolpert:

Pursuant to Fed. R. App. P. 28(j), Appellant responds to Appellees' letter submitting *Martinez v. City of Aurora*, 2026 WL 1130240 (10th Cir. Apr. 27, 2026). *Martinez* is distinguishable on its dispositive facts and does not foreclose Appellant's claims:

**Martinez rested entirely on an express written revocation of authority not present here.** *Martinez* held an officer on administrative leave — subject to a signed Leave Order commanding him to "not take any action as a sworn police officer" — lacked actual authority to conduct arrests. *Id.* at *5–7. The Court held it objectively unreasonable for the officer to believe he retained authority after his employer unambiguously stripped it. *Id.* at *7. No such revocation exists here. MCSO and ODWC never suspended or withdrew state authority. The cross-deputization agreement supplemented — but did not eliminate or limit — the actual state authority Appellees continually wielded (via their employment, funding, supervision, etc.) and exercised during their encounter with Barrick.

**Martinez confirms the *Lindke* two-part test, which Appellant satisfies.** State action exists where an officer "(1) possessed actual authority" and "(2) purported to exercise that authority." *Lindke*, 601 U.S. at 198. Under the *Romero v. Peterson* framework for dual-commission cases, 930 F.2d 1502, 1507–08 (10th Cir. 1991), five of six factors point to state authority: county/state funding; state policies governing conduct "at all times"; state supervision with no tribal supervisor; exclusive use of state uniforms/vehicles/weapons; and authorization under the Oklahoma State-Tribal Relations Act. MCSO policy further confirmed that assisting tribal police constituted:

> MCSO "Departmental business" "first and foremost";
>
> an "official dut[y]" deputies were expected to perform; and

**GARRETT LAW**

a "basic job responsibility" to which all personnel were required to adhere.

Such authority is derived from state "regulation, custom, or usage" under *Lindke*'s own text. 601 U.S. at 200. The proper remedy now is a *Romero* remand for the factfinding the district court skipped, not affirmance.

**The remedy gap is unaffected.** *Martinez* doesn't address the interpretive significance of the complete absence of any federal civil rights remedy for tribal members injured by cross-deputized state officers — a gap Congress has not filled post-*McGirt*.

Respectfully submitted,

**/s/    Mitchell Garrett**
**D. Mitchell Garrett, Jr.**
OBA No. 20704 | Garrett Law
320 S. Boston Ave., Ste. 825-G, Tulsa, OK 74103
mitchell@garrettlawcenter.com | (918) 221-6190

**Christopher Lincoln Camp**
OBA No. 18541 | Camp Law Firm
7122 S. Sheridan Rd., Ste. #2-382, Tulsa, OK 74133
camplawfirm@gmail.com | (918) 200-4871

*Attorneys for Plaintiff-Appellant Barbara Barrick, as Special Administrator of the Estate of Bobby Dale Barrick*

## CERTIFICATE OF COMPLIANCE

This response complies with the word limit of Fed. R. App. P. 28(j). The body of this response contains **343** words, excluding the salutation, complimentary close, and signature block.

## CERTIFICATE OF SERVICE

I certify that on April 28, 2026, I electronically filed the foregoing via the Court's CM/ECF system, which will send notice to all counsel of record.

**D. Mitchell Garrett, Jr.**

