**UNITED STATES COURT OF APPEALS**
**FOR THE TENTH CIRCUIT**

| | |
|---|---|
| BARBARA BARRICK, as Special Administrator of the ESTATE OF BOBBY DALE BARRICK, deceased,<br><br>Appellant / Plaintiff<br><br>v.<br><br>DEPUTY MATTHEW KASBAUM; DEPUTY QUENTIN LEE; and, WARDEN MARK HANNAH,<br><br>Appellees / Defendants. | Case No. 25-7082<br>(D.C. No. 5:23-CV-00129-GLJ)<br>(E.D. Okla.) |

**DEFENDANTS/APPELLEES KASBAUM AND LEE'S OBJECTION TO APPELLANT'S MOTION FOR LEAVE TO FILE 5-PAGE SUBMISSION**

COME NOW Appellees, Deputy Matthew Kasbaum ("Deputy Kasbaum"), and Deputy Quentin Lee ("Deputy Lee") and respond in opposition to Appellant's attempt to file a second response brief to Kasbaum and Lee's Supplemental Brief. (Doc. 84-1). Appellant has already had the opportunity to address the arguments raised by Appellees concerning *Walden.* In fact, Appellant's August 25, 2026 supplemental brief already addressed the arguments made by Appellees' in their supplemental briefs despite the Court's express directive that the supplemental briefs be filed simultaneously and that no response briefs would be permitted. Appellant now seeks a second bite at the apple to respond to the Deputies' arguments. For these reasons, Appellant's Motion should be denied.

## I. Plaintiff Failed To Comply With the Court's Order Requiring Simultaneous Supplemental Briefing.

On August 13, 2026, this Court entered its Order directing the parties to simultaneously submit supplemental briefing regarding the decision in *Walden v. City of Duncan*, ---F.4th ----, No. 25-6153, 2026 WL 2329610 (10th Cir. Aug. 12, 2026) and its impact on this case. (Doc. 79). 121The parties were directed to file their supplemental briefs no later than August 24, 2026 and expressly provided that no response briefs would be permitted. Despite the Court's directive, the Appellant filed her Supplemental Brief on August 25, 2026, not August 24, 2026. (Doc. 82). Further, Appellant directly responded to the arguments Deputies Kasbaum and Lee had made in their supplemental brief, which had been filed earlier in the day. (Doc. 80). Appellant thus had the benefit of reviewing Deputies Kasbaum and Lee's arguments and incorporating her responses to those arguments into her own supplemental brief.

Appellant now seeks to take that process one step further. Having already responded to Deputies' Kasbaum and Lee's supplemental brief in her August 25, 2026 filing, Appellant now asks the Court for leave to file yet another response to the same briefing. Appellant's proposed submission makes that point particularly clear. Her proposed filing expressly identifies Deputies' Kasbaum and Lee's characterization of the encounter as an arrest and then seeks to rebut that characterization. It ultimately asks the court to conclude that the use of force

occurred during a detention rather than an arrest and therefore falls within the scope of *Walden.* Those are arguments Appellant already had the opportunity to make in her August 25 supplemental brief. Appellant cannot reasonably claim that she was denied an opportunity to respond to Deputies Kasbaum and Lee's arguments when her August 25, 2026 brief already addressed arguments made by the Deputies.

Appellant's motion points to the subsequent striking of oral argument as a reason she should now be permitted to file another brief. However, the striking of oral argument affected all of the parties, not just Appellant. Permitting the Appellant to submit another submission would prejudice Kasbaum and Lee by allowing Appellant to continue refining her response after having reviewed their position, while Deputies Kasbaum, Lee, and Co-Defendant Mark Hannah, would have had only the single opportunity contemplated by the Court's Order.

In the alternative, should the Court determine that Appellant should be permitted to file her proposed supplemental submission, Kasbaum and Lee respectfully request leave to file a response. Contrary to Appellant's arguments, the proposed filing does not merely provide citations to the arguments. It makes substantive arguments directed at Kasbaum and Lee's supplemental brief and asks the Court to draw legal conclusions based upon that evidence. Having already received one unauthorized response from Appellant to their supplemental brief,

Deputies Kasbaum and Lee should not be placed in the position of having no opportunity to respond to either.

For these reasons Deputies Matthew Kasbaum and Quentin Lee respectfully request this Court deny Appellant's Motion for Leave to File 5-Page Submission.

Respectfully submitted,

s/Sheila G. Jessee______________________
Robert S. Lafferrandre, OBA No. 11897
Randall J. Wood, OBA No. 10531
Jeffrey C. Hendrickson, OBA No. 32798
Sheila G. Jessee, OBA No. 33071
Jessica James Curtis, OBA No. 35140
PIERCE COUCH HENDRICKSON
BAYSINGER & GREEN, L.L.P.
1109 North Francis Avenue
Oklahoma City, Oklahoma 73106
Telephone: (405) 235-1611
Facsimile: (405) 235-2904
rlafferrandre@piercecouch.com
rwood@piercecouch.com
jhendrickson@piercecouch.com
sjessee@piercecouch.com
jjamescurtis@piercecouch.com

***Attorneys for Defendants / Appellees Matthew Kasbaum and Quentin Lee***

## CERTIFICATES

***Service***. I hereby certify that a copy of the foregoing **Defendants/Appellees Kasbaum and Lee's Objection to Appellant's Motion for Leave to File 5-Page Submission** was served, on **September 11, 2026** via filing with the Clerk of Court using the CM/ECF System, on all counsel who are registered CM/ECF users and have entered their appearance in this appeal.

*s/Sheila G. Jessee*
Sheila G. Jessee

***Type-Volume and Typeface Limitations***. I hereby certify that:

This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B) because this brief contains **617** words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f); and,

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in a proportionally spaced typeface in fourteen-point Times New Roman font.

*s/ Sheila G. Jessee*
Sheila G. Jessee

Date: September 11, 2026